**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| I.E., a Minor, and J.B. and T.E., Individually and as Parents of I.E.,<br><br>Plaintiffs,<br><br>v.<br><br>EVANSTON/SKOKIE SCHOOL DISTRICT 65,<br><br>Defendant. | NO. 1:25-CV-14558<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

I.E., who is a minor,[1] and his parents filed this suit against Evanston/Skokie School District 65, alleging that a district employee violated state and federal law by improperly restraining I.E. when removing him from a school program. R. 1-1, Compl. at 2.[2] They allege that the employee removed I.E.—who has autism spectrum

[1]Federal Rule of Civil Procedure 5.2(a)(3) requires that filings refer to a minor only by the minor's initials. This rule does not govern the parent of a minor, so the Court has "an independent duty to determine whether exceptional circumstances exist to justify such a departure from the normal method of proceeding in federal courts." *Doe v. City of Chicago*, 360 F.3d 667, 669–70 (7th Cir. 2004). The Seventh Circuit has held that anonymity is proper when "[i]dentifying … adult plaintiffs also would expose the identities of their children," and the suit "has a tendency to inflame unreasonably some individuals and is intimately tied to … schools." *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 723 (7th Cir. 2011), *vacated by Doe ex. rel. Doe v. Elmbrook Sch. Dist.*, 687 F.3d 840, 842–43 (7th Cir. 2012) (en banc) (adopting the original panel's analysis on the issue of anonymity). So the Plaintiffs must file a motion to proceed under a pseudonym or anonymously by October 13, 2026, if they wish to do so.

[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. Citations to the complaint and the response brief refer to the PDF page numbers. The Court has federal-question jurisdiction over the Individuals with Disabilities Education Act, Rehabilitation Act, and Americans with Disabilities Act claims

disorder—from the program and confined him in a restroom stall, where they pushed him repeatedly and forced him to the ground, injuring him. R. 18, Pls.' Resp. at 1.[3]

I.E.'s parents allege that District 65 and the unknown employee violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*.; the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.; and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. Compl. at 3. They also bring state law claims for negligence, false imprisonment, intentional or negligent infliction of emotional distress, and a claim that they call "intent to conceal and obstruct." Compl. at 2–3. District 65 removed the case to federal court and now moves to dismiss, arguing that the Complaint is unintelligible in violation of Civil Rule 8; the Plaintiffs have failed to adequately allege any viable claim under Civil Rule 12(b)(6); and the state law claims are time-barred. R. 5, Def.'s Mot. at 2–3. Because the Plaintiffs fail to adequately state any federal law claim, the motion to dismiss is granted as to their claims under the IDEA, the Rehabilitation Act, and the ADA. But the Plaintiffs are granted leave to file an amended complaint. The Court declines to reach the state law claims for now.

---

under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

[3]Courts generally do not look beyond the "four corners of the complaint." *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995). But "facts alleged in a brief in opposition to a motion to dismiss … of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint." *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

## I. Background

The Court accepts all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiffs allege that, on November 2, 2023, a District 65 employee removed I.E. from a school program, confined him in a restroom stall, pushed him repeatedly, and forced him to the ground, injuring him. Pls.' Resp. at 1. This incident caused I.E. to suffer pain and emotional trauma, which required treatment. Compl. at 2. The Plaintiffs also suffered emotional distress and loss of wages from caring for I.E. and accompanying him to treatment. *Id.* The Plaintiffs also allege that District 65 deliberately withheld information about the incident from I.E.'s parents through omission and the falsification of reports. *Id.* at 3. They allege that the concealment of the incident caused them to suffer additional emotional distress. *Id.*

The Plaintiffs filed this lawsuit in the Cook County Circuit Court, bringing claims for negligence, false imprisonment, intentional or negligent infliction of emotional distress, "intent to conceal and obstruct," and violations of disability rights under federal law against District 65 and unnamed District 65 employees and agents. Compl. at 2–3. The case was then removed to federal court. *See generally* R. 1, Notice of Removal. Now, District 65 has filed a motion to dismiss, arguing that the Plaintiffs fail to state a claim for relief. Def.'s Mot. at 2–3.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task." *Iqbal*, 556 U.S. at 679. The Seventh Circuit has drawn a context-dependent distinction between relatively straightforward employment discrimination claims versus more complex claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Federal courts are generally required to give pro se litigants greater latitude than those represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Thus, the Court has a "special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Indeed, the Court must "ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987) (cleaned up).

## III. Analysis

### A. Civil Rule 8

District 65 first argues that the Complaint fails to comply with Federal Rule of Civil Procedure 8 because it is unintelligible. R. 6, Def.'s Br. at 3–5. Specifically, District 65 argues that dismissal is warranted because the Complaint lacks numbered paragraphs, fails to specify which plaintiffs bring which claims, fails to identify individual defendants, fails to raise separate claims for federal law violations, and fails to identify what sections of federal law have been allegedly violated. *Id.*

Civil Rule 8 requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). Civil Rule 8 also requires "[e]ach allegation [to] be simple, concise, and direct." *Id.* 8(d)(1). The main purpose of Civil Rule 8 is rooted in fair notice—a "complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (cleaned up). And, as mentioned earlier, the Court construes pro se pleadings liberally, and holds those pleadings to less stringent standards than pleadings drafted by attorneys. *See Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Here, the Complaint describes I.E.'s alleged restraint and confinement concisely and coherently enough for the Court and District 65 to understand the Plaintiffs' claims. *See generally* Compl. at 2–3 (describing the alleged restraint of I.E., the effects of the alleged restraint on I.E. and his parents, and the claims).

Against this, District 65 points out that the Plaintiffs have failed to organize the Complaint into numbered paragraphs. Def.'s Br. at 4. Yes, a failure to number the paragraphs is a violation of Civil Rule 10(b). *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). But this violation does not alone justify dismissal, at least generally speaking. *See Stanard v. Nygren*, 658 F.3d 792, 800–01 (7th Cir. 2011) ("[P]leading rules favor decisions on the merits rather than technicalities."); *Fed. Deposit Ins. Co. v. Borowski*, 2016 WL 7188166, at *3 (N.D. Ill. Dec. 12, 2016) ("[C]ourts in this district do not dismiss a claim for failure to comply with Rule 10(b) unless the complaint is not understandable and does not provide the

defendant with fair notice of the claims against him." (cleaned up)). It is certainly conceivable that a complaint spanning dozens of singled-space pages containing multiples of unnumbered paragraphs could render the complaint incomprehensible and would require re-pleading. Here, however, despite its lack of numbered paragraphs, the Complaint is not unintelligible. It is four pages long. It contains headings, which separate general factual allegations from allegations and legal theories relevant to each count. *See generally* Compl. It is mostly free from grammar and spelling mistakes. The Complaint here can thus be distinguished from those that courts have previously deemed unintelligible. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376–78 (7th Cir. 2003) (affirming dismissal of a 155-page, 400-paragraph complaint that used non-standard acronyms and attached 99 exhibits); *Stanard*, 658 F.3d at 798 (dismissing a complaint filled with "rampant grammatical, syntactical, and typographical errors"); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (holding that a "less-than-coherent" complaint with 119 pages and 385 paragraphs "violated the letter and spirit of Rule 8(a)"); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (dismissing a complaint containing "convoluted language" and paragraphs that stretched for over a third of the page).

District 65 also contends that the Complaint fails to specify which plaintiffs bring which claims. Def.'s Br. at 4–5. Admittedly, the Complaint could have provided greater clarity on this point. But it is reasonable to infer, absent any reason to think

otherwise, that the use of the plural "Plaintiffs" in the "wherefore" clauses at the end of each count encompasses I.E. and his parents.

District 65 further argues that the Complaint fails to identify individual defendants. Def.'s Br. at 4–5. But suits against John Doe defendants are permitted when a plaintiff does not yet know the identity of a defendant. *See Fillmore v. Page*, 358 F.3d 496, 508 (7th Cir. 2004) (reversing dismissal of claims solely for failure to identify defendants). And even if the individual defendants were improperly joined, misjoinder of parties does not justify dismissing the entire action. Fed. R. Civ. P. 21.

Finally, District 65 criticizes the way that the Plaintiffs plead Count 5, which combines the claims under the IDEA, the Rehabilitation Act, and the ADA. Def.'s Br. at 4. The first critique involves the Complaint's failure to separate the federal law claims into separate counts. *Id.* It is true that Civil Rule 10(b) requires separate counts for each claim "founded on a separate transaction or occurrence" if "doing so would promote clarity." Fed. R. Civ. P. 10(b). Here, however, the claims arise from the same set of alleged facts: I.E.'s restraint and confinement. Thus, for this particular pleading, the failure to list the claims in separate counts does not violate Civil Rule 10(b) and does not justify dismissal. The District's second critique focuses on the Complaint's failure to identify what sections of the named statutes have been violated. Def.'s Br. at 4. But complaints "need not point to the appropriate statute or law in order to raise a claim." *Tolle v. Caroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). They "must only allege facts upon which relief may be granted." *Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 2003). It is true that, when faced with a dismissal

motion under Civil Rule 12(b)(6), plaintiffs then must explain the grounds for each claim. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041–42 (7th Cir. 1999). But the Complaint's failure to identify specific sections of statutes in Count 5, standing alone, does not justify dismissal under Civil Rule 8.

Although the Complaint is not unintelligible, as described next, the Court dismisses the federal law claims for failure to adequately state a claim. If the Plaintiffs choose to file an amended complaint, then they must endeavor to provide even more clarity to the allegations. Ideally, the amended complaint should number its paragraphs, *see* Fed. R. Civ. P. 10(b), and clarify which plaintiffs bring which claims. Also, any amended complaint should name its John Doe defendants in the caption: One Unknown Evanston/Skokie School District 65 Teacher, for example. *See id.* 10(a) ("The title of the complaint must name all the parties."). And the more factual detail that the Plaintiffs can supply in describing the Doe Defendants, the better.

**B. Civil Rule 12(b)(6)**

Next, District 65 argues that the Plaintiffs fail to adequately state a claim under the IDEA, Rehabilitation Act, or ADA. Def.'s Br. at 8–9. The Court addresses each in turn.

**1. Individuals with Disabilities Education Act**

First, the Plaintiffs allege that District 65 violated the IDEA. Compl. at 3. District 65 argues that a civil action can only be brought under the IDEA by parties who have (1) participated in a due-process hearing and appealed its decision (or been

barred from appealing its decision) or (2) appealed a school's decision to place a student in an alternative educational setting. R. 21, Def.'s Supp. Reply at 8–9; *see* 20 U.S.C. § 1415(i)(2).

Exhaustion of administrative remedies is an affirmative defense. *See Mosely v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006). "Affirmative defenses do not justify dismissal under Rule 12(b)(6). Moving for judgment on the pleadings under Rule 12(c) is the more appropriate way to address an affirmative defense." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019) (cleaned up). The Court will only dismiss claims under Civil Rule 12(b)(6) if the plaintiffs have pleaded themselves "out of court" by alleging the elements of the defense. *Id*. Because the Plaintiffs have not pleaded that they have *not* exhausted administrative remedies, the IDEA claim cannot be dismissed on lack-of-exhaustion grounds.[5] *See Mosely*, 434 F.3d at 533.

But now is the proper time to evaluate the IDEA claim on the merits under Civil Rule 12(b)(6). To successfully bring a claim under the IDEA, the Plaintiffs must allege the denial of what is known as a Free Appropriate Public Education (FAPE). *See Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 169 (2017) ("[T]he only 'relief' the

[5]If, after the Plaintiffs file their amended complaint, there is no factual dispute about their failure to exhaust administrative remedies, District 65 could move for judgment on the pleadings under Civil Rule 12(c). *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("But when all relevant facts are presented, the court may properly dismiss a case before discovery—typically through a Rule 12(c) Motion for Judgment on the Pleadings—on the basis of an affirmative defense." (cleaned up)). Alternatively, District 65 could file an early summary judgment motion on exhaustion.

IDEA makes 'available' is relief for the denial of a FAPE."). The Supreme Court offers two hypothetical questions to help courts determine whether a complaint concerns the denial of an appropriate education. First, "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school …?" *Id.* at 171 (emphasis in original). Second, "could an *adult* at the school … have pressed essentially the same grievance?" *Id.* (emphasis in original). In this case, both questions can be answered yes. I.E. was removed from a school program, but the crux of the Complaint is his restraint and confinement. The Plaintiffs could have brought the same claim if a public librarian had restrained and confined I.E., and I.E. could have brought the same claim if he was an adult visitor instead of a minor student. *Fry* further describes a scenario that does not constitute denial of an appropriate education:

> [A] teacher, acting out of animus or frustration, strikes a student with a disability, who then sues the school …. Here too, the suit could be said to relate, in both genesis and effect, to the child's education. But the school districts opine, we think correctly, that the substance of the plaintiff's claim is unlikely to involve the adequacy of special education ….

*Id.* at 172 n.9. This negative example is strikingly similar to what the Plaintiffs allege here: that a District 65 employee used physical force against I.E. after confining him in a restroom stall. Because the Plaintiffs fail to allege denial of an appropriate education, they have failed (so far) to state a viable claim under the IDEA.

**2. Rehabilitation Act**

The Plaintiffs also claim that District 65 violated the Rehabilitation Act. Compl. at 3. District 65 argues that the Plaintiffs have not alleged any facts to suggest that it discriminated against I.E. "on the basis of disability." Def.'s Supp. Reply. at 7.

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). "Section 504 [of the Rehabilitation Act] requires schools to accommodate a student's disability, provide students with disabilities with equal opportunities to participate in extracurricular activities, account for disabilities when imposing disciplinary measures, and prohibits retaliation against students who request accommodations." *Thurmon v. Mount Carmel High Sch.*, 191 F. Supp. 3d 894, 898 (N.D. Ill. 2016). "To state a discrimination claim under the Rehabilitation Act, [a] [p]laintiff must allege that he was: (1) an individual with a disability; (2) otherwise qualified for the benefit sought; (3) discriminated against solely because of his handicap; and (4) discriminated against by an entity that received federal financial help." *Id.* (cleaned up). With regard to the third requirement—discrimination on the basis of the claimant's disability alone—a plaintiff must show that "the [d]efendant either (1) intentionally acted on the basis of disability, (2) refused to provide a reasonable modification to permit access to the program, or (3) enforced rules that disproportionally impacted disabled people." *Id.* (cleaned up). In other words, a

plaintiff must adequately plead that the exclusion, denial, or discrimination they suffered was motivated by their disability alone. *See Lewis v. Ind. Dep't of Transp.*, 173 F.4th 876, 882 (7th Cir. 2026).

Here, the Plaintiffs allege that District 65 discriminated against I.E. on the basis of his disability. Compl. at 3. But this is a mere conclusion, and conclusory allegations must be supported by factual claims. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The Complaint does not contain any *factual* allegations that support the conclusion that District 65 discriminated against I.E. because of his autism, nor does it include details "that could support an inference of intentional discrimination, refusal to provide reasonable modifications, or disproportionate impact on disabled people." *Thurmon*, 191 F. Supp. 3d at 898–99. The Complaint does not allege, for example, that District 65 claimed that I.E.'s autism motivated its employee's behavior, or that the District 65 employee did not use physical force against children without disabilities. *See generally* Compl. And even if the Court considered factual allegations in the Plaintiffs' response brief, *see Gutierrez*, 111 F.3d at 1367 n.2, they still fail to support the conclusion, *see generally* Pls.' Resp. Thus, the Plaintiffs fail to state a claim under the Rehabilitation Act. *See Thurmon*, 191 F. Supp. 3d at 899 (holding that there was no suggestion that the minor's disability "was connected to any of Defendants' conduct" and thus the plaintiff had "not met the third prong of the four-part" § 504 test).

### 3. Americans with Disabilities Act

Finally, the Plaintiffs claim that District 65 violated the ADA. Compl. at 3. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. It provides the most appropriate cause of action for the facts alleged in the Complaint. Like the Rehabilitation Act, the ADA requires plaintiffs to adequately plead that the exclusion, denial, or discrimination they suffered was caused by their disability. The ADA sets a lower bar, however, requiring only but-for causation (as opposed to sole causation). *See Lewis*, 173 F.4th at 882. Even so, the Plaintiffs' Complaint falls short. As explained above, the Complaint and response brief fail to allege any facts suggesting that District 65 discriminated against I.E. because of his autism. Thus, Plaintiffs also fail to state a claim under the ADA.

## C. Statute of Limitations

Because the federal law claims are dismissed for failure to state a claim, and the Court would relinquish supplemental jurisdiction over the state law claims if no federal law claim is ever adequately alleged, there is no need to evaluate the state law claims yet. So the Court does not reach the question of whether the state law claims are time-barred, something that the Defendants raise in their motion to dismiss. Def.'s Mot. at 2. If the amended complaint adequately states a federal law claim, then the Court will take up the issue.

Having said that, if the Plaintiffs file an amended complaint and the District raises the same defense again, it is worth noting now that the statute of limitations is an affirmative defense. *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999). As explained above, at the pleading stage, the Court will dismiss a complaint on affirmative-defense grounds only if the plaintiffs have pleaded themselves "out of court" by alleging the elements of the defense. *Benson*, 944 F.3d at 645. At most, if there are no disputed facts, it would be possible to consider a motion for judgment on the pleadings under Civil Rule 12(c) or an early summary judgment motion.

The Court notes that Count 4 resembles a fraudulent-concealment claim, though it could have been more clearly pleaded. *See* 735 ILCS 5/13-215. In Illinois, if a defendant fraudulently concealed the cause of action from a plaintiff, then the statute of limitations is five years after the plaintiff discovered the cause of action. *Id.* To bring a fraudulent-concealment claim in Illinois, "[a] plaintiff must plead … that the defendant made misrepresentations or performed acts which were known to be false, with the intent to deceive the plaintiff, and upon which the plaintiff detrimentally relied." *Orlak v. Loyola Univ. Health Sys.*, 885 N.E.2d 999, 1009 (Ill. 2007). If the Plaintiffs seek to take advantage of an extended statute of limitations, then they should plead facts—not conclusory allegations—about District 65's misrepresentation and intent to deceive the Plaintiffs, and their own reliance on such misrepresentation.

Fraudulent-concealment allegations must also satisfy Civil Rule 9(b), which requires that "a party must state *with particularity* the circumstances constituting

fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). If the Plaintiffs hope to sufficiently allege a fraudulent-concealment claim, the amended complaint must "state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (cleaned up). Put differently, the complaint "must describe the who, what, when, where, and how of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (cleaned up).

## IV. Conclusion

District 65's motion to dismiss, R. 5, is granted as to the federal law claims in Count 5, that is, the claims under the IDEA, the Rehabilitation Act, and the ADA. But because this was the Plaintiffs' first complaint, the dismissal is without prejudice. The Plaintiffs are granted leave to file an amended complaint by October 13, 2026. If no amended complaint is filed, then the dismissal will convert to a dismissal with prejudice and supplemental jurisdiction over the state law claims will be relinquished. Also, as mentioned earlier, the Plaintiffs must also file a motion to proceed under a pseudonym or anonymously by October 13, 2026, if they wish to do so.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 28, 2026